KAHN A. SCOLNICK, SBN 228686
  kscolnick@gibsondunn.com
HEATHER L. RICHARDSON, SBN 246517
  hrichardson@gibsondunn.com
PATRICK J. FUSTER, SBN 326789
  pfuster@gibsondunn.com
GILLIAN B. MILLER, SBN 337338
  gmiller@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

*Attorneys for Defendants*
*UnitedHealth Group Inc. and*
*UnitedHealthcare, Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF BIBI AHMAD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITEDHEALTH GROUP INC., UNITED HEALTHCARE INC., and DOES 1-5, inclusive,<br><br>Defendants. | CASE NO. 8:23-CV-02303-MRA-DFM<br><br>**DECLARATION OF KAHN SCOLNICK IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION**<br><br>**Hearing:**<br>Date: TBA<br>Time: TBA<br>Place: Courtroom 10B<br>Judge: Hon. Mónica Ramírez Almadani |

Gibson, Dunn & Crutcher LLP

DECLARATION OF KAHN SCOLNICK IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION
CASE NO. 8:23-CV-02303-MRA-DFM

# **DECLARATION OF KAHN SCOLNICK**

I, Kahn Scolnick, hereby declare and state:

1. I am an attorney licensed to practice law before this Court and all courts of the State of California. I am a partner with the law firm of Gibson, Dunn & Crutcher LLP and counsel of record for Defendants UnitedHealth Group Inc. and UnitedHealthcare Inc. (collectively "United") in the above-captioned case.

2. I make this Declaration in support of United's concurrently filed Opposition to Plaintiff's ex parte application.

3. On Friday, February 23, 2024, I emailed Plaintiff's counsel to set-up a time to meet-and-confer regarding Defendants' anticipated motion to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6). In that email, I offered four potential dates and times to Plaintiff's counsel. Later that same day, I sent another email to Plaintiff's counsel, providing slightly adjusted windows of availability.

4. After Plaintiff's counsel did not respond to my emails, I sent her a follow-up email on Monday, February 26, 2024 to check-in and see if any of the four windows of availability would work for her to discuss Defendants' anticipated motion to dismiss.

5. Later that day, Plaintiff's counsel responded that she was "dealing with an urgent filing due today and a hearing in the morning" and asked to "touch base after that[.]"

6. I replied within minutes, asking Plaintiff's counsel to "please let us know" what might work for her once she freed up the following day.

7. The next day on Tuesday, February 27, 2024 at 1:34 PM, Plaintiff's counsel responded to my email, asking to "meet and confer by email."

8. Later that day, I replied to Plaintiff's counsel, explaining the Local Rules of the Central District instruct that the meet-and-confer should preferably take place in

1

Gibson, Dunn & Crutcher LLP

DECLARATION OF KAHN SCOLNICK IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICAITON
CASE NO. 8:23-CV-02303-MRA-DFM

person, but that Zoom is an often-used substitute. I also explained that "the court might be concerned if we don't at least connect via Zoom."

9. Plaintiff's counsel responded the next day on February 28, 2024, asking if 10 AM on Thursday, February 29 would work to meet-and-confer. In response, I sent a Zoom invite to Plaintiff's counsel for 10 AM on Thursday, February 29.

10. An hour before the meet-and-confer was set to take place on February 29, 2024, Plaintiff's counsel sent me an email, explaining she had a "personal emergency" that precluded her attendance at the meeting.

11. I replied promptly that same day, asking if Plaintiff's counsel might be able to do a Zoom call the following day.

12. On Friday, March 1, 2024, Plaintiff's counsel sent an email, asking Defendants again to "meet and confer by email."

13. I replied that day, requesting that I give Plaintiff's counsel a call that morning instead and explaining again that the Court expects some actual interaction between the parties rather than just emails. I also offered an alternative call time, but also stated that Defendants would "appreciate something beyond just exchanging emails."

14. Plaintiff's counsel did not respond to my March 1, 2024 email.

15. On March 4, 2024, I followed-up with Plaintiff's counsel via email again, asking if she was available for a call or Zoom meeting that day or the next.

16. Later that same day, Plaintiff's counsel replied asking if "there is a reason why we have not been able to meet and confer by email? That's been requested a number of times."

17. I replied within three minutes and explained for the third time that "the court rules envision some real dialogue before we file" and that an email meet-and-confer was not sufficient. I also requested that if Plaintiff's counsel was still unwilling

2

DECLARATION OF KAHN SCOLNICK IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S
EX PARTE APPLICATION
CASE NO. 8:23-CV-02303-MRA-DFM

to meet-and-confer via telephone or Zoom, that she please let us know what information she wanted via email.

18. Plaintiff's counsel did not respond to my March 4 email.

19. Attached as **Exhibit 1** is a true and correct copy of the parties' email exchange reflecting Defendants' attempts to meet-and-confer with Plaintiff's counsel via telephone or Zoom regarding Defendants' then-anticipated motion to dismiss, as described in paragraphs 3 through 17 above.

20. On Friday, March 29, 2024, I once again attempted to meet-and-confer with Plaintiff's counsel, this time over Defendants' anticipated motion to stay discovery pending the Court's resolution of Defendants' motion to dismiss.

21. On April 1, 2024, Plaintiff's counsel responded that she would like to try to meet-and-confer during the afternoon of the following day, April 2, 2024. I responded within the hour, asking what telephone number I should use to call Plaintiff's counsel and explained that I would try to call her at 1 PM on April 2, 2024.

22. Plaintiff's counsel did not respond to my email. Instead, during the morning of April 2, 2024, Plaintiff's counsel sent an email expressing that the telephone number she had to contact me did not seem to work, and asked if there was a better phone number to call for the meeting.

23. I responded within 30 minutes, explaining that the telephone number Plaintiff's counsel had for me did work and that I had received a voicemail she left approximately 20 minutes prior. I also explained that if 1 PM still worked for the meet-and-confer, that I would call her at that time at her office number.

24. Attached as **Exhibit 2** is a true and correct copy of the parties' email exchange reflecting Defendants' attempts to meet-and-confer with Plaintiff's counsel regarding Defendants' then-anticipated motion to stay discovery, as described in paragraphs 20 through 23 above.

3

Gibson, Dunn & Crutcher LLP

DECLARATION OF KAHN SCOLNICK IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION
CASE NO. 8:23-CV-02303-MRA-DFM

25. On April 2, 2024, instead of attending the meeting herself, Plaintiff's counsel had an attorney named Ally Alain call on her behalf. Ms. Alain did not want to be identified as counsel of record for Plaintiff and informed me that she was helping Plaintiff's counsel, but was not affiliated with Plaintiff's counsel's law firm. During the call, it was apparent that Ms. Alain knew nothing about Plaintiff's case. Ms. Alain informed me on the call that she took detailed notes of Defendants' position on the motion to stay discovery and would get back to Defendants on whether Plaintiff would stipulate to stay discovery.

26. Defendants ultimately filed their motion to stay discovery after Plaintiff's counsel followed up in an email declining to agree to stay discovery. Dkt. 22.

27. On Wednesday, May 22, 2024, I emailed Plaintiff's counsel to ask how she wanted to meet-and-confer with respect to the Rule 26(f) conference and offered to meet-and-confer via Zoom or phone call the next day.

28. Plaintiff's counsel responded that her "records and memorandum show that we held a substantive discussion about the proposed discovery and Rule 26(f) conference on April 2, 2024."

29. The meet-and-confer with Ms. Alain on April 2, 2024 was not a Rule 26(f) conference. It was solely about Defendants' motion to stay discovery, Plaintiff's counsel was not on the call, and Ms. Alain knew very little about the case and merely took notes.

30. On May 23, 2024, Ms. Alain called Defense counsel to discuss the Rule 26(f) issues. Plaintiff's counsel was not on the phone.

31. On Saturday, May 25, 2024 during Memorial Day weekend, Plaintiff's counsel emailed me to request that Defendants stipulate to certain facts presented in Defendants' discovery responses, on the theory that such extrinsic evidence would be material to this Court resolving Defendants' pending motion to dismiss. Plaintiff's

4

Gibson, Dunn & Crutcher LLP

DECLARATION OF KAHN SCOLNICK IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION
CASE NO. 8:23-CV-02303-MRA-DFM

counsel explained that if Defendants would not stipulate to Plaintiff's request, Plaintiff would seek ex parte relief from the Court.

32. On Tuesday, May 28, 2024, at 8:01 AM, Plaintiff sent a follow-up email, checking-in on the status of her request for a stipulation.

33. Three minutes later on at 8:04 AM, I sent an email back to Plaintiff's counsel, explaining that because I had received her first email over the holiday weekend, I had not yet discussed the stipulation with my clients. I also informed Plaintiff's counsel that I would get back to her as soon as possible.

34. Later that same day at 4:13 PM, I sent Plaintiff's counsel an email, explaining Defendants' position on Plaintiff's request for a stipulation and threatened ex parte application.

35. Plaintiff's counsel did not reply to my email.

36. Attached hereto as **Exhibit 3** is a true and correct copy of the parties' emails reflecting the correspondence between Plaintiff's counsel and myself regarding Plaintiff's ex parte application, as described in paragraphs 27 through 34 above.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct and that this Declaration was executed on May 31, 2024 in Los Angeles, California.

By: */s/ Kahn Scolnick*

Kahn Scolnick

Gibson, Dunn & Crutcher LLP

5

DECLARATION OF KAHN SCOLNICK IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION
CASE NO. 8:23-CV-02303-MRA-DFM