# Exhibit 3

**Sadra, Amanda**
___

| | |
|---|---|
| **From:** | Scolnick, Kahn A. |
| **Sent:** | Tuesday, May 28, 2024 4:13 PM |
| **To:** | GLORIA JUAREZ, ESQ. LAW |
| **Cc:** | A A; Miller, Gillian B.; Sadra, Amanda |
| **Subject:** | RE: Meet and Confer on extrinsic evidence for MTD Re: Ahmad v. UnitedHealthcare (No. 8:23-cv-02303); Rule 26(f) conference |

Gloria:

Defendants do not agree to your proposal.  Defendants are seeking dismissal under Rule 12(b)(6), which is not an evidentiary motion.  To the contrary, the premise of our motion is that every factual allegation in the complaint is taken to be true, but the complaint still fails to state a claim as a matter of law.  It would be inappropriate and unnecessary to introduce evidence at this stage.  It would also be improper to try to introduce new facts in an effort to effectively amend plaintiff's complaint, especially when the proposed amendments contradict allegations in the existing complaint.  *See* ¶¶ 8 (alleging "egregious conduct by United in the administration of its MA plan"); 45 (alleging that UHG "administers … health care policies nationally"); 46 (alleging that defendant United Healthcare, Inc. "administers . . . health care policies"); 59 ("United administers numerous MA plans …"); 79 ("For example, to participate in Medicare Part C, MA organizations must execute a written agreement, or a renewal of the written agreement, with CMS on an annual basis for each of the MA plans they operate. *United executed such agreements or renewals annually for all of the MA plans they operated during the relevant period*." (emphasis added)); 82 ("United contracts with CMS to receive a fixed capitated monthly payment per MA member").

Even more important for present purposes, though, is that none of this affects the preemption analysis.  For all the reasons explained in Defendants' reply brief in support of the motion to dismiss, the new facts that plaintiff is seeking to introduce are irrelevant.  As the Ninth Circuit and California Supreme Court have held, Medicare preemption applies when—as here—Part C standards cover the issues to be addressed by a state-law claim, even if the defendant is not the MA organization or the MA plan.  (*See* pages 3-6 of Defendants' reply.)  That is why Defendants' preemption arguments do not raise "factual" questions; these are legal questions that the court can and should address on the pleadings alone.

Accordingly, Defendants would oppose any ex parte application by plaintiff along the lines you set forth below.  As a reminder, Judge Ramírez Almadani's chambers rules specifically say that "ex parte applications are solely for extraordinary relief and are discouraged."  We don't believe this is one of the rare occasions where ex parte relief is warranted.

Happy to discuss further on a call if helpful.  Thanks.


**Kahn A. Scolnick**

T: +1 213.229.7656
KScolnick@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197

Exhibit 3
17

**From:** Scolnick, Kahn A. <KScolnick@gibsondunn.com>
**Sent:** Tuesday, May 28, 2024 8:04 AM
**To:** GLORIA JUAREZ, ESQ. LAW <gloria@thegjlaw.com>
**Cc:** A A <aa@thegjlaw.com>; Miller, Gillian B. <GMiller@gibsondunn.com>; Sadra, Amanda <ASadra@gibsondunn.com>
**Subject:** Re: Meet and Confer on extrinsic evidence for MTD Re: Ahmad v. UnitedHealthcare (No. 8:23-cv-02303); Rule 26(f) conference

Good morning Gloria. We received your email on Saturday but since it was a holiday weekend, I haven't had a chance to discuss with my client. I will get back to you asap.

On May 28, 2024, at 8:01 AM, GLORIA JUAREZ, ESQ. LAW <gloria@thegjlaw.com> wrote:

[WARNING: External Email]
Good Morning Kahn,

I hope this email finds you well, and you had a restful weekend.
I calendared to circle back and work on this issue right away since the
hearing on your Motion to Dismiss is a couple of weeks away.

Since we have not heard feedback from you on our earlier request for a stipulation and order,
I am preparing an ex parte application for filing today in Courtroom 10B of the USDC in the Central District
before the Hon. Mónica Ramírez Almadani for leave to present the extrinsic preemption
matter as set forth in my earlier email. We propose to simply submit the parties'
undisputed facts as to the Defendants'
non-MAO status and non-MA plan to the Court in advance of the Court's preparing its tentative ruling.

As you know under local rules, the ex parte applications are considered on the papers
and typically not set for hearing by Hon. Almadani. If you are agreeable to the relief, or do not intend to oppose the ex parte application,
opposing counsel must inform the courtroom deputy by telephone. (Please also let me know so we can note that in the ex parte).
Also any opposition to an ex parte application should be filed
within 24 hours of receipt of the ex parte application.

Respectfully,
G.



Gloria M. Juarez
LAW OFFICES OF GLORIA JUAREZ

ORANGE COUNTY OFFICE
28202 Cabot Road, Suite 300
Laguna Niguel, CA 92677
Tel. 949-288-3402

Exhibit 3
18

NOTICE: This e-mail message and all attachments may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient, you are hereby notified that you may not read, copy, distribute or otherwise use this message or its attachments. If you have received this message in error, please notify the sender by email and delete all copies of the message immediately.

On Sat, May 25, 2024 at 12:12 PM GLORIA JUAREZ, ESQ. LAW <gloria@thegjlaw.com> wrote:

> Good Morning again!
> We would like to further review with you an issue that has been discussed a few times in the prior meet and confer dialogues.
>
> As you know-through the recently completed briefing and telephonic discussions, Plaintiff disputes Defendants' preemption assertion on the grounds that neither Defendants are an MAO or an MA plan, nor do they meet the requirements for the statutory definitions for Part C preemption.
>
> Because you've raised preemption as the primary defense in your MTD, our position is that whether Defendants are entitled to preemption is a factual determination.
>
> As such, we'd propose that in full transparency and to assist the Court in the upcoming MTD, we stipulate to provide the referenced discovery response (or a joint statement that Defendants agree that they are neither MAOs nor MA plans nor administrators- or contracted with CMS) as extrinsic evidence to the preemption question.
>
> Since these are undisputed facts (based on your responses and discussion at Thursday's meeting) I thought you might agree that it would seem more genuine and candid for all of us to place that information squarely before the Court.
>
> If that option is not agreeable, then we could alternatively file an ex parte application for leave to present the extrinsic evidence- which we believe would be done in good faith- and present material and relevant information to the Court prior to the June 13th hearing.
>
> Please let us know of your thoughts and comments,
> Thank you for your time and consideration.
>
> Wishing you a fun and memorable Memorial Weekend.
>
> Respectfully,
> Gloria
>
>
> On Sat, May 25, 2024 at 11:16 AM GLORIA JUAREZ, ESQ. LAW <gloria@thegjlaw.com> wrote:
>> Good Morning Kahn,
>> The scheduling below on the draft for the Joint Rule 26 (f) report sounds fine.

Exhibit 3

19

The turn around is tight- but we'll try to get the draft back to you as soon as possible. We will naturally need some time to review and fill in the required sections.

We'll get back to you on the initial disclosures due date from June 6 to 27.
Best,
G

# GJ

**Gloria M. Juarez**
**LAW OFFICES OF GLORIA JUAREZ**

**ORANGE COUNTY OFFICE**
28202 Cabot Road, Suite 300
Laguna Niguel, CA 92677
Tel. 949-288-3402

NOTICE: This e-mail message and all attachments may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient, you are hereby notified that you may not read, copy, distribute or otherwise use this message or its attachments. If you have received this message in error, please notify the sender by email and delete all copies of the message immediately.

On Thu, May 23, 2024 at 2:57 PM Scolnick, Kahn A. <KScolnick@gibsondunn.com> wrote:

Ally, thank you for your time today. To confirm, here is the schedule we agreed on for drafting the Joint Rule 26(f) Report, which is due next Thursday, May 30.

- We will send you a working draft in the morning on Tuesday, May 28.
- You will send us back the draft by mid-morning on Wednesday, May 29 (with plaintiff's portions filled in), and we can discuss by telephone in the afternoon on Wednesday if needed.
- We will send the document back to you during the morning on Thursday, May 30, and then we can agree on a final version by mid-day that day.
- Plaintiff will file the joint report on Thursday afternoon, May 30.

You will also let us know whether plaintiff is amenable to extending the initial disclosures date from Thursday, June 6 to Thursday, June 27.

Thanks.

Exhibit 3
20

**Kahn A. Scolnick**

T: +1 213.229.7656
KScolnick@gibsondunn.com

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197

---

**From:** Scolnick, Kahn A. <KScolnick@gibsondunn.com>
**Sent:** Thursday, May 23, 2024 9:25 AM
**To:** GLORIA JUAREZ, ESQ. LAW <gloria@thegjlaw.com>
**Cc:** Miller, Gillian B. <GMiller@gibsondunn.com>; Sadra, Amanda <ASadra@gibsondunn.com>; A A <aa@thegjlaw.com>
**Subject:** Re: Ahmad v. UnitedHealthcare (No. 8:23-cv-02303); Rule 26(f) conference

Yes 130 works well; thanks.  213-229-7656.

> On May 23, 2024, at 9:00 AM, GLORIA JUAREZ, ESQ. LAW <gloria@thegjlaw.com> wrote:
>
> **[WARNING: External Email]**
>
> Good Morning Khan,
>
> Would 130 today work for you?
>
> We can call you then if that is a good fit.
>
> Thank you
>
>> On Wed, May 22, 2024, 9:32 PM Scolnick, Kahn A. <KScolnick@gibsondunn.com> wrote:
>>
>> Thank you.  I assure you there has been no intentional delay, strategic or otherwise, in asking you about the Rule 26(f) conference.  In our

Exhibit 3
21

experience, plaintiff's counsel usually takes the lead in setting up the Rule 26(f) conference, and our attention over the last few days has understandable been directed at the reply briefing and the RJN response. Once that was off my plate, I noted that the deadline was soon expiring for the Rule 26(f) conference and that we hadn't heard from you yet, so I reached out. There's nothing more nefarious to it.

In any event, we did have a dialogue with your colleague in April, at our request, as an effort to confer in advance of Defendants' motion to stay discovery. We didn't get to discuss all of the substantive things that are supposed to be discussed at the Rule 26(f) conference and that we'll need to address for the joint Rule 26(f) report due in a little over a week. I could do so tomorrow at 1pm or later. Please let me know if there's a time that works for you tomorrow afternoon.

Thank you, and appreciate your sentiments about Memorial Day—I wish the same to you.

Kahn A. Scolnick

T: +1 213.229.7656
KScolnick@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197

---

**From:** GLORIA JUAREZ, ESQ. LAW <gloria@thegjlaw.com>
**Sent:** Wednesday, May 22, 2024 9:21 PM
**To:** Scolnick, Kahn A. <KScolnick@gibsondunn.com>
**Cc:** Miller, Gillian B. <GMiller@gibsondunn.com>; Sadra, Amanda <ASadra@gibsondunn.com>; A A <aa@thegjlaw.com>
**Subject:** Re: Ahmad v. UnitedHealthcare (No. 8:23-cv-02303); Rule 26(f) conference

**[WARNING: External Email]**

Dear Kahn,

I hope this message finds you well. I am writing in response to your email dated May 22, 2024, regarding the Rule 26(f) conference and

Exhibit 3
22

your objections to our discovery requests.

Our records and memorandum show that we held a substantive discussion about the proposed discovery and Rule 26(f) conference on April 2, 2024. If your notes show otherwise, please let me know.

It appears that your email was sent just *after* you filed your reply to the MTD today, which suggests a strategic delay. This timing seems intended to impede our ability to address the discovery issues promptly. Our communication and your participation in the preliminary Rule 26(f) conference on April 2, 2024, demonstrate that we have been proactive in addressing these matters.

You expressed your intent to stay discovery during the April 2 meeting, which we opposed, advocating for timely discovery. You indicated you would file a motion to stay discovery which would be set for July, after the MTD hearing. We outlined the specific discovery we would seek and requested that limited discovery proceed as soon as possible. Based on the court's order, the limited discovery should proceed timely, and we have discussed this with you on occasion. Specifically we discussed discovery requests seeking what marketing and advertising statements these two defendants submitted to CMS or DHHS, and what was approved. These are the minimum requests that are required as to your assertions raised in this litigation.

Following this conference and discussing our intent to serve discovery as to the preemption issue you raised in your MTD, we propounded limited discovery requests, to which you objected to each and every request. There was not a single response! We find these objections improper and not in good faith.

Given the court's scheduling conference on June 13, I agree that we need to finalize the Rule 26(f) conference by tomorrow. Despite our preference for email communication, we are available for a phone meeting on May 23, 2024. Please confirm your availability and preference.

Thank you in advance.

Exhibit 3

23

Early happy Memorial weekend to you and your team- I hope it is a nice few days off for everyone.

Best,

G

**GJ**

Gloria M. Juarez
LAW OFFICES OF GLORIA JUAREZ
ORANGE COUNTY OFFICE
28202 Cabot Road, Suite 300
Laguna Niguel, CA 92677
Tel. 949-288-3402
Facsimile 714-919-0254

NOTICE: This e-mail message and all attachments may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient, you are hereby notified that you may not read, copy, distribute or otherwise use this message or its attachments. If you have received this message in error, please notify the sender by email and delete all copies of the message immediately.

On Wed, May 22, 2024 at 5:47 PM Scolnick, Kahn A. <KScolnick@gibsondunn.com> wrote:

> Hi Gloria. Just a reminder that the Court set a Rule 16 scheduling conference for June 13, which means the deadline for our Rule 26(f) conference is tomorrow. We have not heard from you about the conference; you told us previously that you don't want to meet and confer over Zoom or by phone, and that you'd prefer to meet and confer only over email, so we're reaching out to see what you'd like to do about the Rule 26(f) conference. Just in case your position has changed, we'd be available tomorrow if you'd like to get on a Zoom or phone call. Thanks.

Exhibit 3
24

**Kahn A. Scolnick**

T: +1 213.229.7656
KScolnick@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

Exhibit 3
25