KAHN A. SCOLNICK, SBN 228686
  kscolnick@gibsondunn.com
HEATHER L. RICHARDSON, SBN 246517
  hrichardson@gibsondunn.com
PATRICK J. FUSTER, SBN 326789
  pfuster@gibsondunn.com
GILLIAN B. MILLER, SBN 337338
  gmiller@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

*Attorneys for Defendants
UnitedHealth Group Inc. and
UnitedHealthcare, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF BIBI AHMAD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITEDHEALTH GROUP INC., UNITED HEALTHCARE INC., and DOES 1-5, inclusive,<br><br>Defendants. | CASE NO. 8:23-CV-02303-MRA-DFM<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S UNAUTHORIZED LETTER BRIEF**<br><br>**Hearing:**<br>Date: TBA<br>Time: TBA<br>Place: Courtroom 10B<br>Judge: Hon. Mónica Ramírez Almadani |

Defendants UnitedHealth Group Inc. and UnitedHealthcare, Inc. respond to the Estate's June 15, 2024 Letter Brief, Dkt. 35, which provides unauthorized supplemental briefing on *Garland v. Cargill*, 602 U.S. ___ (2024).

1. The Estate's supplemental brief concedes that *Do Sung Uhm v. Humana, Inc.*, 620 F.3d 1134 (9th Cir. 2010), forecloses its principal argument that only Medicare Advantage (MA) organizations can invoke Medicare preemption. Dkt. 35 at 3 (admitting that *Uhm* "appear[s]" to apply preemption to claims under "state laws of general applicability" when brought against affiliates). Because the Estate does not argue that the Supreme Court's decision in *Cargill* is clearly irreconcilable with *Uhm*, the Ninth Circuit's decision remains binding precedent. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003); *see also Avilez v. Garland*, 69 F.4th 525, 533 (9th Cir. 2023) (explaining that Ninth Circuit decisions must be followed so long as they can be applied "'consistently with that of the higher authority'").

2. In any event, *Cargill* has no conceivable relevance to Defendants' pending motion to dismiss. The premise of the Estate's supplemental brief is that *Uhm* endorsed a CMS regulation that extended preemption beyond MA organizations. Dkt. 35 at 2–3 (complaining about "CMS's expanded regulatory modification of preemption to include affiliates"). But the Estate is mistaken about the source of preemption for claims against affiliates: *Uhm* rests on the text of a *congressional statute*, which supersedes state law "with respect to MA plans"—not only with respect to claims against MA organizations. 42 U.S.C. § 1395w-26(b)(3); *see Uhm*, 620 F.3d at 1157–58. What the Estate says is required—"an express congressional statute explicitly setting forth preemption as to the non-MAO entities or affiliates," Dkt. 35 at 3—is precisely how the Ninth Circuit interpreted § 1395w-26(b)(3) in *Uhm*.

3. The nature of the challenge in *Cargill* was also completely different from the Estate's state-law claims against Defendants in this case. In *Cargill*, the plaintiff filed suit against the Attorney General and other federal officials under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A), asserting that an agency rule was

1

invalid because it was "not in accordance with the law." Here, by contrast, the Estate has sued two private entities under state law and has not challenged any particular CMS regulation under the APA. And regardless, even if the Estate were to bring an APA claim against federal officials now, asserting that CMS lacked authority to extend its regulatory scheme to marketing and communications by an MA organization's affiliates and agents, that argument would flatly contradict Congress's grant of authority for CMS to "establish by regulation other standards . . . for [MA] organizations *and* plans consistent with, and to carry out, this part [*i.e.*, Part C]." 42 U.S.C. § 1395w-26(b)(1) (emphasis added). It is the Estate, not CMS, that seeks to defy the congressional design of Part C.

4. The Estate continues to burden this Court and Defendants with baseless and time-consuming filings. The Estate has turned a Rule 12(b)(6) motion on a plainly preempted set of state-law claims into a marathon of briefing with a request for judicial notice of irrelevant documents, an ex parte application to inject "extrinsic evidence" into a pleadings challenge, serial emails to this Court's courtroom deputy, and now an unauthorized letter brief (in violation of Local Rule 83-2.5, *see* Dkt. 36) asking for even more briefing to discuss a totally off-point case that sheds zero light on the proper interpretation of Medicare Part C's preemption statute. Enough is enough. Because even the Estate now concedes that Medicare preempts its claims under binding Ninth Circuit precedent, the Court should dismiss the Complaint with prejudice.

Dated: June 17, 2024

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Kahn Scolnick*
Kahn Scolnick

*Attorneys for Defendants UnitedHealth Group Inc. and UnitedHealthcare, Inc.*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel for record for Defendants UnitedHealth Group Inc. and UnitedHealthcare, Inc., certifies that this motion contains 607 words, excluding the portions exempted by and complying with Local Rule 11-6.1.

Dated: June 17, 2024

By: _/s/ Kahn Scolnick_
     Kahn Scolnick