Gloria Morin Juarez, CAL. SBN 109115
LAW OFFICES OF GLORIA JUAREZ
28202 Cabot Road, Suite 300
Laguna Niguel, CA 92677
Telephone: (949) 288-3402
Email: gloria@thegjlaw.com
ATTORNEYS FOR PLAINTIFF
THE ESTATE OF BIBI AHMAD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF BIBI AHMAD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>UNITEDHEALTH GROUP INC., UNITED HEALTHCARE INC., and DOES 1-25, inclusive,<br><br>Defendants. | CASE NO. 8:23-CV-02303-MRA-DFM<br><br>**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE (DOCKET NO. 37)**<br><br>Complaint Filed:  December 7, 2023<br>Hearing Date:    TBA<br>Hearing Time:    TBA<br>Place:           Courtroom 10B<br>Judge:           Hon. Mónica Ramírez Almadani |

Plaintiff replies to Defendants UnitedHealth Group Inc., and United Healthcare Inc.'s supplemental briefing filed on June 17, 2024, Dkt. No. 37.

## MEMORANDUM

On the morning of June 14, 2024, the U.S. Supreme Court issued its landmark Opinion in *Garland v. Cargill* 602 U.S.\_\_\_(2024) creating new law as to statutory interpretation and competing agency rules on how statutes should be interpreted. The majority took issue with the ATF as a federal agency writing or modifying the rule instead of lawmakers, saying it is up to Congress to amend the law.

The high court ruled that statutes may *not* be modified or expanded by the federal agencies, because the power to do so lies with only congress. Plaintiff's counsel transparently submitted the Opinion to Defendants the same morning, and proposed a *party stipulation* to simply notify the Court of the issue- which Defendants declined. Accordingly, the new law was raised and the Opinion attached by Plaintiff under Docket No. 35.

On the same day that the Court issued its order under Dkt. 36 notifying that Plaintiff's Letter Brief was impermissible under local rules, Defendants filed their "Response to Plaintiff's Unauthorized Letter Brief" under Dkt. 37.

Defendants raised various arguments, including supplemental briefing to their Rule 12(b)(6) Motion to Dismiss (Dkt. 20), as well as substantively disputing the applicability of *Cargill*– but conspicuously, they appear to have carefully avoided any mention of *Plaintiff's primary contention,* that the congressional statute at 42 U.S.C. §1395 26(b)(3) explicitly limits express preemption to state laws which apply to Medicare

2

Advantage Organizations (MAOs) and not, as the federal agency regulation suggest, to all state laws.

Defendants' material omission (what they expressly did not address in their Response)- is impliedly equally if not more important than what they did say. This is because Medicare Preemption as drafted by congress under 42 U.S.C. §1395w-26(b)(3) states *"The standards established under this part shall supersede any State law or regulation (other than State licensing laws or State laws relating to plan solvency)* **with respect to** <u>MA plans</u> *which are offered by* <u>MA organizations</u> *under this part." [Emphasis added]*. It is an undisputed fact, and both Defendants concede that neither are an MAO nor an MA plan, and both assert express preemption under section 1395.

Based on Defendants' pleading omission of express preemption under Dkt. 37 and the new law under *Cargill,* the Court should reject Defendants' express preemption argument, and *deny* their Motion to Dismiss under Dkt. 20. This case should not be dismissed at the pleading stage based on a meritless and unsupported pleading challenge which has nothing to do with the merits, especially on the heels of the landmark *Cargill* Opinion.

**LAW OFFICES OF GLORIA JUAREZ**

Dated: June 18, 2024

/S/GJuarez  
Gloria Juarez, CA State Bar No. 109115  
28202 Cabot Road, Suite 300  
Laguna Niguel, CA 92677  
Tel.: 949-288-3402  
Email: gloria@thegjlaw.com