| | |
|---|---|
| 1 | KAHN A. SCOLNICK, SBN 228686 |
| | kscolnick@gibsondunn.com |
| 2 | HEATHER L. RICHARDSON, SBN 246517 |
| | hrichardson@gibsondunn.com |
| 3 | PATRICK J. FUSTER, SBN 326789 |
| | pfuster@gibsondunn.com |
| 4 | GILLIAN B. MILLER, SBN 337338 |
| | gmiller@gibsondunn.com |
| 5 | GIBSON, DUNN & CRUTCHER LLP |
| | 333 South Grand Avenue |
| 6 | Los Angeles, CA 90071-3197 |
| | Telephone: 213.229.7000 |
| 7 | Facsimile: 213.229.7520 |

*Attorneys for Defendants UnitedHealth Group Inc. and UnitedHealthcare, Inc.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF BIBI AHMAD, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> UNITEDHEALTH GROUP INC., UNITED HEALTHCARE INC., and DOES 1-5, inclusive, <br><br> Defendants. | CASE NO. 8:23-CV-02303-MRA-DFM <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING** <br><br> **Hearing:** <br> Date: n/a <br> Time: n/a <br> Place: Courtroom 10B <br> Judge: Hon. Mónica Ramírez Almadani |

Gibson, Dunn & Crutcher LLP


# TABLE OF CONTENTS

Page

INTRODUCTION .................................................................................................................. 1

ARGUMENT ......................................................................................................................... 1

    I.    *Loper Bright* has no relevance to Defendants' pending motion to dismiss. ................................................................................................................. 1

    II.   *Cargill* also lacks any relevance to Defendants' pending motion to dismiss. ................................................................................................................. 3

CONCLUSION ...................................................................................................................... 4

Gibson, Dunn & Crutcher LLP

## INTRODUCTION

Defendants brought a straightforward Rule 12(b)(6) challenge based on binding Ninth Circuit precedent. But the Estate has turned this into a circus. It has filed a request for judicial notice of non-noticeable documents, Dkt. 24; an ex parte application to introduce "extrinsic evidence," Dkt. 27; and an unauthorized letter brief on irrelevant supplemental authority, Dkt. 35, which the Court then struck, Dkt. 38. Meanwhile, the Estate refused to pause discovery until this Court's ruling on the motion to dismiss, forcing Defendants to file a motion to stay discovery, Dkt. 22, which the Estate then did not bother to oppose. Now, it's more of the same: The Estate's second ex parte application seeks unnecessary and frivolous briefing on the Supreme Court's decision in *Loper Bright Enterprises v. Raimondo*, 603 U.S. ___, 2024 WL 3208360 (2024), which overturned *Chevron* deference. *See* Plaintiff's Second Ex Parte Application, Dkt. 42. As with the first ex parte application, this second application is an abuse of this Court's resources and the ex parte procedure; it amounts to sanctionable conduct. Nothing in this case has anything to do with *Chevron* deference. The Court should deny the application.

## ARGUMENT

### I. *Loper Bright* has no relevance to Defendants' pending motion to dismiss.

Defendants have never argued for *Chevron* deference in support of preemption (or any other issue). Instead, Defendants' preemption argument rests on the plain text of a congressional statute, 42 U.S.C. § 1395w-26(b)(3), which provides:

> The standards established under this part shall supersede any State law or regulation (other than State licensing laws or State laws relating to plan solvency) with respect to MA plans which are offered by MA organizations under this part.

The Ninth Circuit has interpreted that statutory text to foreclose all the Estate's arguments against preemption. *Do Sung Uhm v. Humana, Inc.*, 620 F.3d 1134, 1148–58 (9th Cir. 2010); *see also Aylward v. SelectHealth, Inc.*, 35 F.4th 673, 680–82 (9th

1  Cir. 2022). In so doing, the Ninth Circuit did not rely on or otherwise mention *Chevron*
2  deference. Neither did the district-court cases cited by Defendants that followed the
3  Ninth Circuit's decision in *Uhm*. *See Escarcega v. Verdugo Vista Operating Co., LP*,
4  2020 WL 1703181, at *12–13 (C.D. Cal. Apr. 8, 2020); *Phillips v. Kaiser Foundation*
5  *Health Plan, Inc.*, 953 F. Supp. 2d 1078, 1087–90 (N.D. Cal. 2011). And neither did
6  the California Supreme Court in *Quishenberry v. UnitedHealthcare, Inc.*, 14 Cal. 5th
7  1057, 1064–1074 (2023). This case has never had anything to do with *Chevron*
8  deference, and therefore has nothing to do with the overruling of *Chevron* deference in
9  *Loper Bright*.

10  To the contrary, *Loper Bright* reiterated that "legal interpretation" is "'the
11  province and duty of the judicial department.'" 2024 WL 3208360, at *21 (quoting
12  *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 177 (1803)). And in *Uhm* and *Aylward*,
13  the Ninth Circuit acted in that province and carried out its duty to issue binding
14  interpretations of 42 U.S.C. § 1395w-26(b)(3) that foreclose all the Estate's claims and
15  reject all the Estate's attempts to circumvent preemption without nary a mention of
16  *Chevron*. *E.g.*, *Uhm*, 620 F.3d at 1155 (preemption of common law claims); *id.* at 1157
17  (preemption of claims against affiliates).

18  This case also has nothing do with any "expanded regulatory definition of an
19  MA[] [organization]." Dkt 42 at 6. The Estate never quotes or identifies the regulatory
20  interpretation it attempts to challenge as no longer entitled to *Chevron* deference. But it
21  appears to be focusing on the definition of MA organizations in 42 C.F.R. § 422.2. That
22  regulation provides that: "MA organization means a public or private entity organized
23  and licensed by a State as a risk-bearing entity (with the exception of provider-sponsored
24  organizations receiving waivers) that is certified by CMS as meeting the MA contract
25  requirements."* Even if the Estate were correct that the regulation constituted an

---

\* The Estate's proposed supplemental brief purports to quote the following regulatory definition for an MA organization: "A Medicare Advantage Organization is an entity
*(Cont'd on next page)*

"expanded regulatory definition" of an MA organization, that would be wholly irrelevant to any of Defendants' arguments.

Ironically, it was *the Estate* that (wrongly) introduced this regulatory issue into the discussion in the first place. The Estate argued, in opposing the motion to dismiss, that "Defendants fail to meet the expanded regulatory definition of a Medicare Advantage Organization." Dkt. 23 at 13 (cleaned up). The Estate insisted that because Defendants did not have a contract with CMS (even though the Complaint alleges that they do), they could not qualify as MA organizations under the regulatory definition, and thus the Estate's claims against them could not be preempted. *Id.* In response, Defendants explained that the question whether Defendants met the regulatory definition of an MA organization was a total sideshow: "the Medicare Act supersedes state law with respect to [MA] plans, even if the state-law claims are directed at entities other than the topline MA organization." Dkt. 25 at 3–4.

Ultimately, this case presents a straightforward application of well-settled *judicial* precedent on preemption, and the Supreme Court's decision in *Loper Bright* on *administrative* interpretation does not change the conclusion that the Estate's claims should be dismissed with prejudice.

**II.    *Cargill* also lacks any relevance to Defendants' pending motion to dismiss.**

The Estate's proposed supplemental brief also attempts to smuggle in baseless arguments about *Garland v. Cargill*, 602 U.S. 406 (2024), even though the ex parte application says nothing about *Cargill* beyond a vague reference to it in the introduction. Dkt. 42 at 5. The Estate previously tried to add supplemental briefing on *Cargill* in a letter brief that the Court struck. Dkts. 35, 38. For the sake of completeness, Defendants include a few points about *Cargill* below in response to this latest ex parte application.

---

that has entered into an agreement under Part C of the Medicare program to provide health care services to Medicare enrollees who have elected to enroll in a Medicare Advantage plan." Suppl. Br. (Dkt. 42-2) at 7. Defendants searched for this definition in the regulations but were unable to find it. But it too does not support the Estate's descriptions of it as an "expanded regulatory definition" of an MA organization.

*Cargill* has no conceivable relevance to Defendants' pending motion to dismiss. As noted above, the Estate is mistaken about the source of preemption for claims against affiliates: *Uhm* rests on the text of a *congressional statute*, which supersedes state law "with respect to MA plans"—not only with respect to claims against MA organizations. 42 U.S.C. § 1395w-26(b)(3); *see Uhm*, 620 F.3d at 1157–58.

The nature of the challenge in *Cargill* was also completely different from the Estate's state-law claims against Defendants in this case. In *Cargill*, the plaintiff filed suit against the Attorney General and other federal officials under the Administrative Procedure Act, asserting that an agency rule was invalid because it was "not in accordance with the law." 5 U.S.C. § 706(2)(A); *see Cargill*, 602 U.S. at 414. Here, by contrast, the Estate has sued two private entities under state law and has not actually challenged any particular CMS regulation under the APA. And even if the Estate were to bring an APA claim against federal officials now, asserting that CMS lacked authority to extend its regulatory scheme to marketing and communications by an MA organization's affiliates and agents, that argument would flatly contradict Congress's broad grant of authority for CMS to "establish by regulation other standards . . . for [MA] organizations *and* plans consistent with, and to carry out, this part [*i.e.*, Part C]." 42 U.S.C. § 1395w-26(b)(1) (emphasis added). It is the Estate, not CMS, that seeks to defy the congressional design of Part C.

## CONCLUSION

The Court should deny the Estate's second ex parte application.

Dated: July 2, 2024

                      GIBSON, DUNN & CRUTCHER LLP

                      By:   */s/ Kahn Scolnick*
                                Kahn Scolnick

                      *Attorneys for Defendants UnitedHealth Group Inc. and UnitedHealthcare, Inc.*

4

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel for record for Defendants UnitedHealth Group Inc. and UnitedHealthcare, Inc., certifies that this opposition contains 1,198 words, excluding the portions exempted by and complying with Local Rule 11-6.1.

Dated: July 2, 2024

By:    */s/ Kahn Scolnick*
        Kahn Scolnick