Gloria Morin Juarez, CAL. SBN 109115
LAW OFFICES OF GLORIA JUAREZ
28202 Cabot Road, Suite 300
Laguna Niguel, CA 92677
Tel.: (949) 288-3402
Email: gloria@thegjlaw.com
ATTORNEYS FOR PLAINTIFF
THE ESTATE OF BIBI AHMAD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF BIBI AHMAD, individually and on behalf of all others similarly situated,<br><br>Plaintiff(s),<br><br>UNITEDHEALTH GROUP INC., UNITED HEALTHCARE INC., and DOES 1-25, inclusive,<br><br>Defendants. | CASE NO. 8:23-CV-02303-MRA-DFM<br><br>**PLAINTIFF'S SUPPLEMENTAL BRIEFING ON THE JUNE 28, 2024 U.S. SUPREME COURT DECISION IN *LOPER BRIGHT* IN CONNECTION WITH THE UNDER-SUBMISSION RULING ON DEFENDANTS' MOTION TO DISMISS (DKT. NO. 20), [ORDER GRANTING SUPP. BRIEFING EX PARTE APPLICATION ECF [47]].**<br><br>Complaint Filed:   December 7, 2023<br>Hearing Date:    TBA<br>Place:           Courtroom 10B<br>Judge:           Hon. Mónica Ramírez Almadani |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, DKT. No. 20**

On July 5, 2024, the Court granted Plaintiff's ex parte application for leave of Court to File Supplemental Briefing on the June 28, 2024 U.S. Supreme Court Decision in *Loper Bright* In Connection With the Under-Submission Ruling on Defendants' Motion to Dismiss [ECF [42]]. Docket N. 47. Plaintiff respectfully submits this brief.

## I. INTRODUCTION

Defendants seek to summarily dismiss this action based on precedent which relies on the now discarded principle requiring judicial deference to the expertise of federal regulatory agencies and the rules such agencies promulgate. Given the two new U.S. Supreme Court landmark decisions– *Loper Bright Enterprises et al. v. Raimondo, Secretary Of Commerce, et al.* 603____U.S. (2024) (*Loper*) overturning "*Chevron*", and *Garland v. Cargill* 602 U.S.____(2024) (both decided since Defendants' Motion to Dismiss ("Motion") in this case was submitted), Defendants' Motion based on the assertion of preemption should be *denied*.

The preemption statute at the heart of Defendants' Motion is 42 USC §1395w-26(b)(3). It explicitly provides that only state laws "*with respect to*"[1] Medicare Advantage Organizations (MAOs) are preempted. The preemption statute applies only to state laws concerning MAOs. The preemption statute also only protects MAO's and *not* the moving parties. Even though Plaintiff's action is based on generally applicable state laws addressing financial elder abuse and consumer protection, and neither Defendant is an MAO nor an MA plan, they assert express preemption.

Defendants rely on two opinions (*Uhm*[2] and *Quishenberry*[3]) which now seem erroneous, given the *Loper* decision because Defendants' express preemption claim depends on the validity of an amended agency regulation which provides for preemption of all state laws, greatly expanding the scope of the preemption statute. The Court at oral argument addressed *Escarcega v. Verdugo Vista Operating Co., LP*, 2020 WL 1703181 (C.D. Cal. 2020) (*Escarcega*) – which likewise would now certainly be overturned following *Loper*.

The Centers for Medicare and Medicaid (CMS), initially issued regulations which confirmed that the preemption statute under section 1395 did *not* affect actions against MAOs if based on common law. Later, and presumably in response to criticism by the managed care industry, CMS amended its regulation to provide that even common law causes of action were preempted by Congress. CMS's amendment clearly exceeded its authority, and under

---

[1] "With respect to' means "concerning, or in regard to." Merriam-Webster.com Theasaurus, https://www.merriam-webster.comthesaurus/with%20respect%20to.//
[2] *Uhm v. Humana, Inc,* 620 F.3d 1134 (9th Cir. 2008)– *orig. opinion withdrawn, new 2010.
[3] *Quishenberry v. UnitedHealthCare, Inc.,* 14 Cal. 5th 1057 (2023)

*Loper* it is blocked – as an "*unlawful abuse of regulatory power*." Thus, the modified agency regulation upon which Defendants rely, is invalid given *Loper,* and given the condition in the statute explicitly limiting the scope of preemption to state laws "*with respect to*" "MAOs".

At page 14 of the Opposition Brief at Dkt. 23, Plaintiff explained that 42 USC §1395w-26(b)(3)– does not grant regulatory agencies authority to expand the scope of the preemption provision. Although *Uhm* (2010) and the subsequent dependent cases including *Quishenberry* (2023) appear to have relied on CMS's improper expansion of the definition of an MAO to apply to affiliates and downstream entities, except providers– and preemption to apply to all state laws of general applicability, the new landmark U.S. Supreme Court decisions unequivocally reject such a "*fundamentally misguided*" holding.

Courts[4] all over the country have immediately adopted the U.S. Supreme Court's June 28, 2024 *Loper* decision, and are entering their subsequent rulings in conformity with the *overturning of Chevron*– setting forth substantial limitations on federal agencies' regulatory powers. Under *Loper,* it is up to Congress to amend the law regarding MA express preemption. Further, if CMS expanded preemption to include entities other than MAOs *without* a Congressional enactment to that effect, such regulatory modification would also be rejected by the courts. Under these landmark June 2024 decisions, there would have to be an express congressional statute explicitly setting forth preemption as to the non-MAO entities and all laws. No such statute exists.

Congressional intent appears to protect MAOs from specific state regulation; but not to exempt MAOs from compliance with common law. That is, MAOs, which are positioned to deny care based on the financial incentives created by the fixed per-member-per-month (PMPM) fee framework (which is at the heart of our managed care system), cannot run roughshod over basic state laws, including common law, or state statutes designed to curb

---

[4] *See e.g. "Judge cites new Supreme Court ruling in blocking health care anti-discrimination protections for transgender Americans".* Quoting the high court, "And to the extent that Congress and the Executive Branch may disagree with how the courts have performed [their] job in a particular case, they are of course always free to act by revising the statute.'" *Accessed on 7/5/24 at* https://www.cnn.com/2024/07/03/politics/transgender-anti-discrimination-protections-biden-chevron/index.html

financially motivated denials of care. Based on *Loper,* Plaintiff has at the very least demonstrated a "*substantial likelihood of success*" on the merits of its claim that CMS *unlawfully* exceeded its statutory authority by enlarging section 1395's preemption as to all laws and non-MAO affiliates. Therefore, Plaintiff respectfully suggests that the Court *deny* Defendants' Motion to Dismiss.

## II. ARGUMENT

Congress enacted a qualified partial express preemption provision under 42 USC §1395w-26(b)(3), which did not on its face apply to all state laws– it explicitly applies to MAOs. The statute, as enacted, did not apply to generally applicable laws including common laws and consumer protection laws. Express preemption under §1395w-26(b)(3) narrowly applies to MAOs and MA Plans, and states:

> "*The standards established under this part shall supersede any State law or regulation ... with respect to __MA plans__ which are offered by __MA organizations__ under this part.*" [Emphasis added.] Mot./2:11-12.

CMS, the federal regulatory agency, revised its initial regulation and exceeded its authority by expanding preemption to encompass <u>all state laws</u>. In other words, the federal agency later decided that all laws were preempted, whereas congress under 42 USC §1395w-26(b)(3) restricted the scope of preemption to state laws concerned with MAOs.

Likewise, Defendants' unsupported claim that they are protected by the preemption provision even though they are not MAOs– is facially invalid. The Court in interpreting and applying only §1395w-26(b)(3) to these particular Defendants, should determine that *neither are entitled to express preemption for a number of legally sufficient reasons:*

(1) 42 USC §1395w-26(b)(3) applies only to MAOs administering MA plans;
(2) Both Defendants conceded that they are not an MAO nor do they administer an MA plan;
(3) This action is based on common laws and consumer protection laws– which are applicable to all persons, and do not apply specifically to MAOs;
(4) CMS's amended regulation extending express preemption to all MAO affiliates and downstream entities is *invalid*;
(5) CMS's amended regulation extending express preemption to "all state laws" is likewise also *invalid*;

(6) Even if Defendants had MAO status, common law claims against an MAO aren't preempted under section 1395;

(7) Under *Loper*, if Congress intended express preemption to apply to any and all persons and entities without MAO status, and as to any and all laws- that must say so and can't rely on administrative agencies to change the law;

(8) *Quishenberry*, *Uhm, and Escarcega* relied on now invalid regulations, which are thus overturned; and

(9) The courts must now independently adjudicate the law pursuant to the explicit language under 42 USC §1395w-26(b)(3) as to express preemption.

## III. HISTORICAL DEVELOPMENT OF THE TWO STATUTES

### A. Congressional Statute: 42 USC §1395w-26(b)(3)

Title 42 USC § 1395w-26(b)(3) was enacted as part of the Balanced Budget Act of 1997, which aimed to modernize and improve the efficiency of Medicare services. This provision grants the Secretary of Health and Human Services the authority to waive certain requirements for MA plans. The statute reflects Congress's intent to enhance the quality of care for Medicare beneficiaries. However, "*Congress did not intend to provide MA plans with blanket immunity ...*", quoting *Quishenberry at page 21, fn. 8.*

### B. Federal Agency Implementing Regulation: 42 CFR § 422.2

Initially, CMS's regulation agreed with the federal statute, preempting only state laws "with respect to" MAOs. *See Quishenberry*, pages 7, 9. Later, CMS modified the regulatory standard by overbroadly and without congressional authorization expanding preemption to apply to *all state laws*. *See Uhm*. CMS provided interpretive and regulatory guidance that *incorrectly* emphasized the broad preemptive effect of these standards on state laws beyond the explicit statutory language. *See* 42 C.F.R. §§ 422.2, 422.402, and related CMS guidance.

### C. The Now Governing U.S. Supreme Court Decision

On June 28, 2024, *Loper Bright Enterprises et al. v. Raimondo, Secretary Of Commerce, et al.* 603_____U.S. (2024) overturned the *"Chevron"* doctrine[5], calling it

---

[5] The *"Chevron" deference*, set in 1984 in a case involving the oil giant, gave federal agencies wide powers to interpret laws and decide the best ways to apply them. Under *Chevron*, if Congress had not directly addressed the question at the center of a dispute, a court was required to uphold the agency's interpretation of the statute as long as it was reasonable. *That is no longer so.*

"fundamentally misguided," and set forth limitations on federal agencies' regulatory powers. The Court held that "*The Administrative Procedure Act requires courts to exercise their independent judgment in deciding whether an agency has acted within its statutory authority, and courts may not defer to an agency interpretation of the law simply because a statute is ambiguous.*" The new ruling, under Article III, grants the judicial branch the express authority to overrule federal agency regulations which modify congressional statutes.

That is precisely what occurred in *Quishenberry* as underscored below, and why this Court should reject Defendants' arguments seeking to circumvent the explicit language and requirements of §1395w-26(b)(3), and instead urging to apply CMS's modified and incorrectly enlarged implementing regulations under 42 C.F.R. § 422.2.

### D. *Quishenberry* and *Uhm's* Reliance On CMS's Modified Implementing Definitions Is Thus Invalidated By The U.S. Supreme Court.

Analysis of §1395w-26(b)(3) shows that there is no express preemption except as to an "MAO" entity administering an "MA plan". Absent *incorrect deference* to CMS's (federal agency) expanded and modified regulation under 42 CFR §422.2, which is now invalidated by the Supreme Court under *Loper,* neither *Quishenberry*, *Uhm,* nor *Escarcega* could or would have found preemption. Therefore, Defendants' reliance on CMS's expanded implementing regulations are also "fundamentally misguided", because CMS lacks authority to enlarge the congressional statute under §1395.

### IV. CONCLUSION

Based on the foregoing, Defendants' Motion to Dismiss based on their express preemption claim should be *denied*.

Date:  July 7, 2024                            Respectfully submitted,

                                                                **LAW OFFICES OF GLORIA JUAREZ**

                                                                /S/GJuarez
                                                                Gloria Juarez, Cal. State Bar No. 109115
                                                                *Attorneys for Plaintiff*
                                                                *The Estate Of Bibi Ahmad*

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff, certifies that this brief contains under 7000 words, excluding indices and exhibits, the portions exempted by and complying with Local Rule 11-6.1. Counsel has relied on the word count of the word-processing software.

Further, Plaintiff's brief is at five (5) pages as directed by the Court's July 5, 2024 Order authorizing this supplemental briefing, under Docket No. 47.

Dated: July 7, 2024

                                              /S/GJuarez
                                              Gloria M. Juarez